UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE JAMES, NICHOLE SENIUK, )
and HOLLY MOCHRIE, on behalf of )
themselves and others similarly situated, )
                                )
       Plaintiffs,             )
                                )     **Civil Action No.:**
v.                                 )     8:15-cv-2424-T-23JSS
                                 )
JPMORGAN CHASE BANK, N.A.     )     **Class Action Complaint**
                                 )
       Defendant.           )     **Jury Trial Demanded**
                                 )

### Nature of this Action

1.    Michelle James, Nichole Seniuk, and Holly Mochrie (collectively, "Plaintiffs") bring this class action against JPMorgan Chase Bank, N.A. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.    Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
>
> (A)    to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
>                         \*\*\*\*\*
>
> (iii)    to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3.    Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system and an artificial or prerecorded


TPA032746 – B400

voice to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent.

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Ms. James resides in this District, some of the events giving rise to this action occurred in this District, and where Defendant transacts business in this District.

## Parties

6.     Ms. James is a natural person who at all relevant times resided in Clearwater, Florida.

7.     Ms. Seniuk is a natural person who at all relevant times resided in Wilkes-Barre, Pennsylvania.

8.     Ms. Mochrie is a natural person who at all relevant times resided in Broadalbin, New York.

9.     Defendant, a national bank, is the consumer and commercial banking subsidiary of the multinational banking corporation JPMorgan Chase & Co.

## Factual Allegations

10.     In 2015, Defendant began placing calls to Ms. James's cellular telephone ending in -9817.

11.     In particular, Defendant called Ms. James's cellular telephone, twice, on June 9, 2015.

12.    Defendant called Ms. James's cellular telephone from phone number (800) 355-5265.

13.    Upon information and good faith belief, Defendant's calls to Ms. James were intended for a person unknown to her.

14.    Upon information and good faith belief, Defendant placed additional calls to Ms. James's cellular telephone number on dates not specifically identified herein.

15.    In or around March 2015, Defendant began placing calls to Ms. Seniuk's cellular telephone ending in -5052.

16.    In particular, Defendant placed approximately sixty calls to Ms. Seniuk's cellular telephone number from March 4, 2015 through April 21, 2015.

17.    Defendant placed many, if not all, of its calls to Ms. Seniuk's cellular telephone number from phone numbers (877) 287-7303 and (800) 555-0433.

18.    On at least one occasion, Ms. Seniuk spoke with Defendant and informed Defendant that she was not the individual for whom Defendant was calling, and directed Defendant to cease placing calls to her cellular telephone number.

19.    Defendant, nonetheless, continued to place calls to Ms. Seniuk's cellular telephone number.

20.    Upon information and good faith belief, Defendant placed additional calls to Ms. Seniuk's cellular telephone number on dates not specifically identified herein.

21.    In or around May 2015, Defendant began placing calls to Ms. Mochrie's cellular telephone ending in -5518.

22.    In particular, Defendant called Ms. Mochrie's cellular telephone on May 5, 2015.

3

23.     Defendant placed its calls to Ms. Mochrie's cellular telephone number from phone numbers (847) 426-9209 and (210) 520-0004.

24.     On at least one occasion, Ms. Mochrie spoke with Defendant and informed Defendant that she was not the individual for whom Defendant was calling, and directed Defendant to cease placing calls to her cellular telephone number.

25.     Upon information and good faith belief, Defendant placed additional calls to Ms. Mochrie's cellular telephone number on dates not specifically identified herein.

26.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Ms. James's cellular telephone number by using an automatic telephone dialing system.

27.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Ms. Seniuk's cellular telephone number by using an automatic telephone dialing system.

28.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Ms. Mochrie's cellular telephone number by using an automatic telephone dialing system.

29.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiffs' cellular telephone numbers by using (a) equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations*

4

*Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

30.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiffs' cellular telephone numbers by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

31.     Defendant placed its calls to Ms. James's cellular telephone number in an effort to contact someone other than Ms. James.

32.     Defendant placed its calls to Ms. Seniuk's cellular telephone number in an effort to contact someone other than Ms. Seniuk.

5

33.     Defendant placed its calls to Ms. Mochrie's cellular telephone number in an effort to contact someone other than Ms. Mochrie.

34.     Upon information and good faith belief, Defendant placed its calls to Plaintiffs' cellular telephone numbers for non-emergency purposes.

35.     Upon information and good faith belief, Defendant placed its calls to Plaintiffs' cellular telephone numbers voluntarily.

36.     Upon information and good faith belief, Defendant placed its calls to Plaintiffs' cellular telephone numbers under its own free will.

37.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system and an artificial or prerecorded voice to place its calls to Plaintiffs' cellular telephone numbers.

38.     Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiffs' cellular telephone numbers.

39.     Ms. James is not, nor was, one of Defendant's customers.

40.     Ms. James does not, nor did, have a business relationship with Defendant.

41.     Ms. James did not provide Defendant with her cellular telephone number.

42.     Ms. James did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

43.     Ms. Seniuk is not, nor was, one of Defendant's customers.

44.     Ms. Seniuk does not, nor did, have a business relationship with Defendant.

45.     Ms. Seniuk did not provide Defendant with her cellular telephone number.

46. Ms. Seniuk did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

47. Ms. Mochrie is not, nor was, one of Defendant's customers.

48. Ms. Mochrie does not, nor did, have a business relationship with Defendant.

49. Ms. Mochrie did not provide Defendant with her cellular telephone number.

50. Ms. Mochrie did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

51. Upon information and good faith belief, Defendant maintains business records that show all calls that it placed to Plaintiffs' cellular telephone numbers.

52. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to cellular telephone service providers.

### Class Action Allegations

53. Plaintiffs bring this action under Federal Rule of Civil Procedure 23, and as representatives of the following two classes:

> **First TCPA Class:** All persons and entities throughout the United States (1) to whom JPMorgan Chase Bank, N.A., placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient.

> **Second TCPA Class:** All persons and entities throughout the United States (1) to whom JPMorgan Chase Bank, N.A, placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or

prerecorded voice, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that JPMorgan Chase Bank, N.A.'s records contain a code or other notation indicating that the called party previously (a) informed JPMorgan Chase Bank, N.A. that the number to which it placed the call was the wrong number, (b) directed JPMorgan Chase Bank, N.A. to stop calling the number to which it placed the call, or (c) instructed JPMorgan Chase Bank, N.A. to take the number to which it placed the call off of its call list.

54.     Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

55.     Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

56.     The exact number of the members of the classes is unknown to Plaintiffs at this time, and can be ascertained only through appropriate discovery.

57.     The members of the classes are ascertainable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and by third parties.

58.     Plaintiffs' claims are typical of the claims of the members of the classes.

59.     As it did for all members of the TCPA classes, Defendant used an automatic telephone dialing system to place calls to Plaintiffs' cellular telephone numbers, without prior express consent.

60.     Plaintiffs' claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

61.     Plaintiffs' claims are based on the same theories as are the claims of the members of the classes.

62.     Plaintiffs have suffered the same injuries as each of the members of the classes.

8

63.     Plaintiffs will fairly and adequately protect the interests of the members of the classes.

64.     Plaintiffs' interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

65.     Plaintiffs will vigorously pursue the claims of the members of the classes.

66.     Plaintiffs have retained counsel experienced and competent in class action litigation.

67.     Plaintiffs' counsel will vigorously pursue this matter.

68.     Plaintiffs' counsel will assert, protect, and otherwise represent the members of the classes.

69.     The questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

70.     Issues of law and fact common to all class members are:

   a.  Defendant's violations of the TCPA;

   b.  Defendant's use of an automatic telephone dialing system as defined by the TCPA;

   c.  Defendant's use of an artificial or prerecorded voice as defined by the TCPA;

   d.  The availability of statutory penalties; and

   e.  The availability of attorneys' fees and costs.

71.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

72.     If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

73.     The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

74.     The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

75.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

76.     The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

77.     The pursuit of Plaintiffs' claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

78.     There will be little difficulty in the management of this action as a class action.

79.     Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

80.     Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1-79.

81.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiffs' cellular telephone numbers, without their consent.

82.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiffs and the classes are entitled to damages in an amount to be proven at trial.

### Trial by Jury

83.     Plaintiffs are entitled to, and hereby demand, a trial by jury.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

(a)     Determining that this action is a proper class action and designating Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from further violations of 47 U.S.C. § 227(b)(1)(A)(iii) with respect to Plaintiffs and the other class members;

(c)     Awarding Plaintiffs and members of the classes actual and statutory damages pursuant to 47 U.S.C. § 227(b)(3);

(d)     Awarding Plaintiffs and members of the classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e)     Awarding other and further relief as the Court may deem just and proper.

Dated: October 8, 2015                    Respectfully submitted,

/s/ Michael L. Greenwald
Michael L. Greenwald
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477
561-961-5684 (Fax)
mgreenwald@gdrlawfirm.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
(512) 322-3912
(561) 961-5684 (Fax)
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes