UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE JAMES, *et al.*,

    Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

Case No. 8:15-cv-02424-SDM-JSS

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO STAY THE CASE**

    Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned attorneys, respectfully moves the Court to stay all proceedings in this case. In support of this motion, Chase states as follows:

    1.    A district court has broad discretion to stay proceedings under its authority to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In determining whether to grant a discretionary stay, courts consider three non-exhaustive factors, including (1) the stage of the litigation, (2) whether there is any prejudice to the non-moving party, and (3) whether a stay will simplify the issues involved in the case. *CANVS Corp. v. FLIR Sys., Inc.*, No. 2:14-CV-180-FTM-38CM, 2014 WL 6883127, at *2 (M.D. Fla. Dec. 5, 2014).

    2.    In *Spokeo v. Robins*, No. 13-1339, the Supreme Court will consider a threshold jurisdictional question at issue in this case: whether plaintiffs, like Plaintiffs here, who allege only statutory damages and no concrete harm, have Article III standing. Likewise, in *ACA International v. Federal Communications Commission*, No. 15-1211 (D.C. Cir.), the D.C. Circuit

1

will consider an appeal of a July 2015 Declaratory Ruling and Order from the Federal Communications Commission ("FCC") that relates directly to issues involved in this matter.

3. This case is still in the early stages, and none of the parties would be prejudiced by a stay. Decisions in both *Spokeo* and *ACA International* have the potential to significantly simplify the issues involved in this case. Therefore, a stay is appropriate.

WHEREFORE, for the foregoing reasons, Chase respectfully requests that the Court enter an order staying this matter and awarding any further relief that is just and proper.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), counsel for Chase conferred with counsel for Plaintiffs on December 18, 2015, and counsel for Plaintiffs indicated that Plaintiffs oppose this motion.

### MEMORANDUM OF LAW IN SUPPORT

### Introduction

This lawsuit arises out of Plaintiffs' allegations that Chase called their cellular telephones without their prior express consent when trying to reach Chase customers. Compl. (Dkt. 1) ¶¶ 13, 18, 24. Based on those calls, Plaintiffs purport to represent two nationwide classes alleging a right to statutory damages for violations of the Telephone Consumer Protection Act ("TCPA"). *Id.* ¶ 53. As discussed below, Chase requests that the Court stay these proceedings pending the resolution of several issues integral to Plaintiffs' allegations.

It is black letter law that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Consequently, a district court may 'stay a case pending the resolution of related proceedings in another forum.'" *Tel. Sci. Corp. v. Hilton Grand Vacations Co. LLC*, No. 6:15-

cv-969-Orl-41DAB, 2015 WL 7444409, at *2 (M.D. Fla. Nov. 20, 2015) (Mendoza, J.). Here, there are two independent grounds on which to grant a stay of this case: (1) the Supreme Court's pending decision in *Spokeo v. Robins*, and (2) a pending D.C. Circuit appeal related to a recent Declaratory Ruling by the FCC.

In *Spokeo v. Robins*, the Supreme Court is expected to decide a threshold jurisdictional question directly at issue in this case; *i.e.*, whether plaintiffs who allege only statutory damages and no concrete harm have Article III standing to sue. That is exactly the situation here: plaintiffs Michelle James, Nichole Seniuk, and Holly Mochrie have alleged no actual damages or concrete harm in their Complaint. Instead, they rely solely on the TCPA's statutory damages provision as the basis for their claims. Thus, depending on how the Supreme Court rules, this case may well be subject to dismissal for lack of subject matter jurisdiction. Courts across the country, including in this District, have been granting litigation stays in similar cases until *Spokeo* is decided. *See, e.g.*, *Tel. Sci. Corp.*, 2015 WL 7444409, at *3 (granting stay of TCPA case on Nov. 20, 2015 based on *Spokeo*); *Duchene v. Westlake Servs., LLC*, No. 2:13-cv-01577, 2015 WL 5947669, at *1 (W.D. Pa. Oct. 13, 2015) (same); *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433, at *5 (S.D. Fla. July 6, 2015) (same); *Williams v. Elephant Ins. Co.*, No. 1:15-CV-00119-GBL, 2015 WL 3631691, at *1 (E.D. Va. May 27, 2015) (same). As explained more fully below, this Court should do the same.

At the same time as the Supreme Court is considering *Spokeo*, the U.S. Court of Appeals for the District of Columbia Circuit will be receiving briefing and hearing oral argument in *ACA International v. Federal Communications Commission*, No. 15-1211 (D.C. Cir.), a case with the potential to directly influence Plaintiffs' allegations. Petitioners in that action have sought the D.C. Circuit's review of several issues raised in a July 2015 Declaratory Ruling and Order from

the FCC. The issues appealed include the FCC's interpretation of issues relating to reassigned numbers, as well as an interpretation of the definition of an automatic telephone dialing system ("ATDS") that Plaintiffs have explicitly relied on in making their claims. *See* Compl. (Dkt. 1) ¶ 29. A decision by the D.C. Circuit overturning any aspect of the Order relevant to this case would have a profound impact on the breadth of Plaintiffs' individual and putative class claims.

Staying the litigation until these issues are resolved would avoid significant prejudice to Chase while causing no prejudice to Plaintiffs. Accordingly, the balance of interests weighs in favor of granting a stay pending the Supreme Court's decision in *Spokeo* and the D.C. Circuit's decision in *ACA International.*

**Argument**

"A district court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Tel. Sci. Corp.*, 2015 WL 7444409, at *2 (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Likewise, it is within the discretion of the court "to implement a stay of proceedings under its jurisdiction pending resolution of related proceedings elsewhere." *Myron v. Rodriguez*, No. 3:06-CV-1051-J-TEM, 2008 WL 516753, at *3 (M.D. Fla. Feb. 22, 2008) (granting stay pending outcome of related proceeding in the Eleventh Circuit).

In considering a motion for a stay, courts consider whether it is "warranted in the interest of judicial economy, and avoidance of unnecessary discovery and litigation expenses." *Danner Const. Co., Inc. v. Hillsborough Cnty.*, No. 8:09-cv-650-T-17TBM, 2009 WL 3055315, at *2 (M.D. Fla. Sept. 24, 2009). Courts often "consider the following non-exhaustive factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question for trial of the case." *CANVS Corp. v. FLIR*

4

*Sys., Inc.*, No. 2:14-CV-180-FTM-38CM, 2014 WL 6883127, at *2 (M.D. Fla. Dec. 5, 2014) (granting stay pending patent proceedings). Additionally, "the stay may not be 'immoderate,' which requires inquiry into 'the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay.'" *Tel. Sci. Corp.*, 2015 WL 7444409, at *2 (quoting *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000)). Here, the requested stay is not immoderate and all three factors favor staying the proceedings.

I. **THIS CASE SHOULD BE STAYED PENDING THE RESOLUTION OF *SPOKEO V. ROBINS*.**

Plaintiffs allege that Chase violated the TCPA, 47 U.S.C. § 227 *et seq.* by making automated calls to their cellular telephones without prior express consent. *See* Compl. (Dkt. 1) ¶ 3. The only damages that Plaintiffs allege, however, are "statutory penalties" or "actual and statutory damages pursuant to 47 U.S.C. § 227(b)(3)." *Id.* ¶¶ 70(d), 83(c). The Complaint asserts no actual injury to Plaintiffs from the alleged telephone calls. As a result, there is substantial doubt as to whether Plaintiffs satisfy the requirements of Article III standing necessary to pursue their claims.

On November 2, 2015, the United States Supreme Court heard argument in *Spokeo* on this precise issue – namely, whether the alleged violation of a federal statute, without any concrete harm, confers Article III standing. *See* http://www.supremecourt.gov/search.aspx?filename=/docketfiles/13-1339.htm. The Supreme Court granted Spokeo's petition for writ of certiorari to address the following question:

> Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.

Question Presented, *Spokeo, Inc. v. Robins*, No. 13–1339 (U.S. Apr. 27, 2015), http://www.supremecourt.gov/qp/13-01339qp.pdf. The same question is presented here. Plaintiffs allege no actual injury from Chase's conduct. Thus, the only possible basis for their alleged standing would be the statutory damages that are available to successful plaintiffs under the TCPA.[1] The Supreme Court's decision in *Spokeo* will determine whether Congress can create Article III standing through statutes, like the TCPA, where no concrete harm exists.

### A. A Stay Pending the Supreme Court's Ruling in *Spokeo* is Appropriate in this Case.

Chase's motion to stay should be granted because the Supreme Court will soon decide whether plaintiffs, like Michelle James, Nichole Seniuk, and Holly Mochrie, have Article III standing to assert claims under the TCPA without concrete harm. While a stay in litigation is often prudent where the Supreme Court is addressing an issue central to a pending suit, it is even more appropriate here, where the decision of the Supreme Court may divest the Court of jurisdiction to hear the case. Indeed, all three factors favor staying the proceedings until the Supreme Court issues its decision in *Spokeo*. *CANVS Corp.*, 2014 WL 6883127, at *2

*First*, this case is in its infancy. Plaintiffs filed their Complaint only two months ago, and Chase is filing its Answer to that Complaint concurrently with this motion. The pleadings have just closed and discovery has not yet commenced. The fact that this litigation is in its early stages weighs heavily in favor of granting a stay. *See Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-cv-2346-T-23TBM, 2013 WL 1868344, at *3 (M.D. Fla. Mar. 11, 2013) (granting stay

---

[1] Paragraph 83(c) of Plaintiffs' Complaint refers to "actual" as well as "statutory damages," but such "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" are obviously not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nowhere do Plaintiffs identify any concrete harm that they (or anyone else) allegedly suffered. In fact, Plaintiffs acknowledge that "[t]he damages suffered by each individual member of the classes may be relatively small." Compl. (Dkt. 1) ¶ 76.

6

where litigation was "in the incipient stage"). "There is little advantage to proceeding with discovery and motions practice where the viability of much of the claims is to be shortly ascertained, especially considering that those claims will be the topic of such discovery and motions practice." *Tel. Sci. Corp.*, 2015 WL 7444409, at *3 (granting stay where TCPA case was "relatively young"). The potential burden of proceeding is increased here where a stay could obviate the need for not just some discovery or motions practice, but *all* discovery and nearly all motions practice. Thus, avoiding time-consuming and expensive discovery militates in favor of a stay.

*Second*, granting a stay will not prejudice Plaintiffs and will avoid significant prejudice to Chase. The stay that Chase requests would be of limited and definite duration, with an anticipated decision from the Supreme Court in *Spokeo* by spring of 2016. There is no harm to Plaintiffs in staying the case for approximately six months, maybe less, while the Supreme Court determines if allegations like theirs satisfy the standing requirements of Article III. Plaintiffs do not claim that Chase continues to call them, and thus, a stay will not cause *any* material prejudice to Plaintiffs. *See Tel. Sci. Corp.*, 2015 WL 2015 WL 7444409, at *3 (finding stay pending *Spokeo* appropriate in TCPA case where "there is no indication that [the plaintiff] will suffer any prejudice for which a legal remedy would not suffice").

By contrast, allowing this case to proceed with the overhang of *Spokeo* would result in significant prejudice to Chase. If the Supreme Court holds that a plaintiff has no standing to pursue claims when concrete harm has not been alleged, then every event that occurs in this case between now and then would be wasteful and unnecessary.[2] *Duchene*, 2015 WL 5947669, at *3

---

[2] Chase recognizes that the Eleventh Circuit's decision in *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 781 F.3d 1245 (11th Cir. 2015), finding standing in a TCPA fax case, is binding precedent on this Court. However, it is because of the split in authority and the Supreme Court's decision to consider this issue that courts, including district courts in this circuit, have found it

7

(granting stay in TCPA case pending *Spokeo* and noting "any period of litigation . . . is expensive for the parties involved"). In other words, in lieu of a stay, the Court and the parties would spend substantial time, effort, and resources on a case that could go away completely in a matter of months, thereby causing prejudice to Chase that easily outweighs any putative prejudice to Plaintiffs arising out of a modest delay in these proceedings.

*Third*, the Supreme Court's decision in *Spokeo* has the potential to significantly "simplify the issues in question." *CANVS Corp.*, 2014 WL 6883127, at *2. If the Supreme Court finds that actual harm is required to satisfy Article III standing, then Plaintiffs' case should be dismissed because they do not allege actual harm in their Complaint; they only seek statutory damages under the TCPA. As a result, a stay should be granted to avoid the investment of time and resources required to litigate a case that may well end up outside this Court's jurisdiction. *See Tel. Sci. Corp.*, 2015 WL 7444409, at *3 ("[A] broad substantive holding by the *Spokeo* court in either direction could presumptively dispose of the relevant subject-matter jurisdiction concerns as to the [unanswered] calls.").[3] For the same reasons, granting a stay could meaningfully reduce the burden of litigation on the parties and the Court. Any work by the parties and the Court over the next several months could be rendered moot by the Supreme Court's ruling in *Spokeo*.

---

appropriate to stay cases pending the outcome of *Spokeo*. *See Boise*, 2015 WL 5077433, at *6 ("The Eleventh Circuit's decisions in *Stein* and *Palm* are, for the moment, binding precedent upon this Court . . . . However, other factors weigh heavily in favor of a stay pending the two Supreme Court decisions.").

[3] In addition, on November 10, the Supreme Court heard argument in *Tyson Foods, Inc. v. Bouaphakeo*, No. 14-1146, regarding whether a class action may be certified where the class contains members who were not injured and have no legal right to any damages. Even if the Plaintiffs here were to have standing based on the ruling in *Spokeo*, *Tyson Foods* could dramatically affect class certification issues. This also counsels in favor of a stay.

8

### B. Case Law Supports an Order Granting a Stay.

Recognizing the efficiencies discussed above, federal courts, *including in this district*, have granted stays pending the Supreme Court's decision in *Spokeo* in cases similar to this one. Just a few weeks ago, this district granted a stay pending the outcome of *Spokeo* in *Telephone Science Corp. v. Hilton Grand Vacations Co., LLC*, in which the plaintiff alleged that the defendant violated the TCPA by placing over 14,000 calls. 2015 WL 7444409, at *1. The court acknowledged that there may ultimately be a distinction between the injury suffered from "expense-inducing" (answered) and "expense-free" (unanswered) calls where the plaintiff had attempted to allege some harm due to out-of-pocket expenses from per-minute charges for received calls. *Id.* at *2. However, the court rejected plaintiff's argument, noting that even if *Spokeo* did not affect answered calls, it could still "presumptively dispose of" the issues relating to unanswered calls. *Id.* at *3. And even if the Supreme Court takes a middle ground, "then the forthcoming decision would guide this Court's analysis." *Id.* Notably, Plaintiffs here have not alleged *any* concrete harm.

Similarly, in *Boise v. ACE USA, Inc.*, the Southern District of Florida granted a motion to stay a TCPA case pending the outcome of *Spokeo*, because it found that *Spokeo* "may conclusively determine whether this Court has the subject matter jurisdiction to hear Plaintiff's claims at all." 2015 WL 4077433, at *5. The court held that a stay was warranted because "Plaintiff will not be unduly prejudiced or harmed by a stay of proceedings, which only stands to delay Plaintiff's potential recovery for a period likely less than twelve months. Conversely, without a stay, Defendant will be forced to endure onerous discovery and significant expenses, which may be needlessly incurred if the Supreme Court rules favorably for the Defendant[.]" *Id.* at *6. Likewise, in *Duchene v. Westlake Services, LLC*, the court granted a motion to stay a

TCPA case, stating that *Spokeo* "can fundamentally affect the Court's jurisdiction to hear [the] case" because it "may well conclude that the Plaintiff lacks standing." 2015 WL 5947669, at *3. Ultimately, "interests of judicial economy favor a stay" because "[t]here is a real possibility" that *Spokeo* could result in the court losing jurisdiction. *Id.* at *4. *See also Williams*, 2015 WL 3631691, at *1 (granting stay of TCPA case based on *Spokeo*).[4]

Additionally, several federal courts have granted stays in non-TCPA matters based on the outcome of *Spokeo*. For example, in *Stone v. Sterling Infosystems, Inc.*, the court found that staying a putative class action under the Fair Credit Reporting Act ("FCRA") "until the Supreme Court issues an opinion in *Spokeo* would be efficient for the Court's own docket and the fairest course for the parties." No. 2:15-CV-00711, 2015 WL 4602968, at *3 (E.D. Cal. July 29, 2015). *Stone* found "no reason why Plaintiff should be allowed to conduct discovery on this large class, thereby forcing Defendant to incur unnecessary expenses, until it can be established that this case will be proceeding." *Id*. at *2. *See also Salvatore v. Microbilt Corp.*, No. 4:14-CV-1848, 2015 WL 5008856, at *1 (M.D. Pa. Aug. 20, 2015) (granting an unopposed motion to stay claims under the FCRA and the Fair and Accurate Credit Transaction Act); *Hillson v. Kelly, Servs., Inc.*, No. 2:15-cv-10803, 2015 WL 4488493, at *1 (E.D. Mich. July 15, 2015) (granting stay of FCRA case based on *Spokeo*).

All of these same grounds for a stay exist here too. The balance of interests for the parties and the Court plainly weighs in favor of granting a stay pending the Supreme Court's decision in *Spokeo*.

---

[4] While *Boise*, *Williams*, and *Duchene* also granted the stay based on another pending Supreme Court case, that distinction makes no difference to the outcome here because *Spokeo* alone provides sufficient basis for a stay.

10

## II. THIS CASE SHOULD BE STAYED PENDING THE RESOLUTION OF *ACA INTERNATIONAL V. FEDERAL COMMUNICATIONS COMMISSION*.

On July 10, 2015, the FCC released a Declaratory Ruling and Order ("Order") that aimed to "clarify[] whether conduct violates the TCPA and [to] detail[] simple guidance intended to assist callers in avoiding violations and consequent litigation." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7964 ¶ 2 (2015). The Order addressed a number of issues, including, among others, the definition of an ATDS, the meaning of the term "called party" under the statute as it relates to telephone numbers that originally belonged to individuals who gave consent to receive calls and were later reassigned to other subscribers, and the means by which an individual can validly revoke consent to receive telephone calls. *See generally id.* However, rather than clarifying these issues, the Order introduced significant confusion into the interpretation of each of these elements of the statute and related regulations.

Just days after the order was released, it was appealed by a petition to the D.C. Circuit. *ACA International, et al. v. Federal Communications Commission, et al.*, No. 15-1211 (D.C. Cir.). That petition was soon consolidated with appeals filed by Sirius XM Radio, the Professional Association of Customer Engagement, and others. *Id.* The petitioners then filed a joint brief on November 25, 2015 challenging (1) the FCC's interpretation of the definition of an ATDS; (2) the FCC's imposition of liability for calls to reassigned numbers and provision of a one-call safe harbor; and (3) the standard imposed for handling revocation of consent. *See* Br. of Petitioner at 4, *ACA Int'l v. FCC*, No. 15-1211, ECF No. 1585568. Briefing is set to be completed by the end of February 2016.

For many of the same reasons discussed in Section I.A, a stay of the proceedings also is appropriate here pending the D.C. Circuit's ruling in *ACA International*. First, as discussed

11

above, this case is still in the earliest stage of litigation. Therefore, granting a stay provides the maximum benefit in terms of avoiding potentially unnecessary discovery and motions practice with minimal disruption. This factor weighs in favor of a stay. *Capriola Corp.*, 2013 WL 1868344, at *3.

Second, granting a stay will not prejudice Plaintiffs, and denial of a stay has the potential for significant prejudice to Chase. Plaintiffs do not allege continuing violations of the TCPA, and therefore will not have any additional allegations of statutory damages as a result of a stay. However, if the D.C. Circuit overturns any of the relevant FCC's rulings in the Order, it has the potential to completely change the face of Plaintiffs' individual and class allegations, resulting in very different discovery and motions practice. Any efforts made between now and the D.C. Circuit's rulings have the potential to be a waste of time and resources.

Third, the D.C. Circuit's opinion could greatly simplify and streamline the issues in question. Plaintiffs' entire case is premised on their receiving "wrong number" calls intended for others who had consented to receive calls from Chase. Compl. (Dkt. 1) ¶¶ 39-50. The viability of their claims depends in part on the meaning of "called party" and the standard for liability for calls placed to reassigned numbers. *In re Rules and Regulations*, 30 FCC Rcd. at 7999-8012. Those are the exact issues challenged in *ACA International*. Br. of Petitioner, *ACA Int'l v. FCC*, No. 15-1211, Dkt. 1585568. Likewise, in making their allegations, Plaintiffs have specifically relied on the definition of an ATDS discussed in the Order, which is currently under review by the D.C. Circuit. *See* Compl. (Dkt. 1) ¶ 29. Thus, the outcome of *ACA International* has the potential to be dispositive of Plaintiffs' claims, or at a minimum, may provide helpful guidance on several issues. In short, as with *Spokeo*, all three factors favor staying the proceedings until the D.C. Circuit rules in *ACA International*.

**Conclusion**

For all the foregoing reasons, the Court should enter an order staying this matter and awarding any further relief that is just and proper.

    Respectfully submitted,

    *s/ Michael S. Hooker*
    Michael S. Hooker
    Florida Bar No. 330655
    Guy P. McConnell
    Florida Bar No. 472697
    PHELPS DUNBAR LLP
    100 S. Ashley Drive, Suite 1900
    Tampa, FL 33602
    Telephone: (813) 472-7550
    Facsimile: (813) 472-7570
    E-mail: Michael.Hooker@phelps.com
    E-mail: Guy.McConnell@phelps.com

    Mitchell E. Zamoff*
    HOGAN LOVELLS US LLP
    80 South Eighth Street, Suite 1225
    Minneapolis, MN 55402
    Telephone: (612) 402-3000
    Facsimile: (612) 402-3001
    E-mail: mitch.zamoff@hoganlovells.com

    Adam K. Levin*
    Carolyn A. DeLone*
    HOGAN LOVELLS US LLP
    555 Thirteenth Street, NW
    Washington, DC 20004
    Telephone: (202) 637-5600
    Facsimile: (202) 637-5910
    E-mail: adam.levin@hoganlovells.com
    E-mail: carrie.delone@hoganlovells.com

    **Pro Hac Vice* Applications To Be Filed*

    Counsel for Defendant JPMorgan Chase Bank, N.A.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I have this 18th day of December, 2015, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants.

                                  /s/ Michael S. Hooker