UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MICHELLE JAMES, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No.: 8:15-cv-2424-T-23JSS ) ) |
| JPMORGAN CHASE BANK, N.A., | ) ) |
| Defendant. | ) ) ) |

**JOINT MOTION TO APPROVE CY PRES BENEFICIARIES**

Plaintiffs Michelle James and Nichole Seniuk, and Defendant JPMorgan Chase Bank, N.A. (jointly, the "Parties"), respectfully request that this Court approve Bay Area Legal Services and the Consumer Federation of America ("CFA") as *cy pres* beneficiaries of the residual funds remaining in the settlement fund. In support, the Parties state:

1. On June 5, 2017, this Court granted final approval to the Parties' class action settlement. Doc. 58. The settlement required JPMorgan Chase Bank, N.A. to create a non-reversionary, $3.75 million common fund from which participating class members would be compensated pro-rata.

2. Since that time, the Court-appointed class administrator distributed settlement checks to 24,217 participating class members. *See* Declaration of Lana Lucchesi Re: Distribution of Settlement Funds, attached as Exhibit A, at ¶ 5.

3. Of those, 2,280 settlement checks remain uncashed, well after the void date of December 27, 2017. *Id.* at ¶¶ 6-7.

4. As of March 26, 2018, $186,258.95 remains in the settlement fund from uncashed checks and unclaimed funds. *Id.* at ¶ 8.

5. Section 9.2 of the Parties' settlement agreement provides:

> <u>Second Distribution</u>. If, after the expiration date of the checks distributed pursuant to Section 9.1 above, there remains money in the Settlement Fund sufficient to pay at least $10 to each Settlement Class Member who cashed his or her initial Settlement Award check, such remaining monies will be distributed on a pro rata basis to those Settlement Class Members (the "Second Distribution"). The Second Distribution shall be made within 90 days after the expiration date of the checks distributed pursuant to Section 9.1 above, and shall be paid in the same manner as the original Settlement Award. Checks issued pursuant to the Second Distribution will be valid for 120 days from the date on the check

Doc. 51-1 at 15.

6. Here, dividing the amount remaining in the settlement fund ($186,258.95) by the number of class members who cashed their initial checks (21,937), yields an amount less than $10 per person—even before calculating the costs associated with a second distribution. Ex. A, ¶ 9. As a result, a second distribution to class members is unwarranted.

7. Section 9.3 of the Parties' settlement agreement provides:

> <u>Remaining Funds</u>. Money in the Settlement Fund that has not been distributed following the expiration of checks issued pursuant to the Second Distribution as set forth in Section 9.2 above, including money not distributed because there is not enough money in the Settlement Fund to justify a Second Distribution (the "Remaining Funds"), shall be paid as cy pres to a charity mutually agreed upon by the Parties, subject to Court approval. No money remaining in the Settlement Fund shall revert to or otherwise be paid to Chase.

Doc. 51-1 at 15.

8. The Parties respectfully submit that Bay Area Legal Services and the CFA are appropriate *cy pres* beneficiaries. Both non-profit organizations provide valuable services and assistance to low-income Americans.

9. More information about Bay Area Legal Services can be found at www.bals.org, and more information about the CFA can be found at https://consumerfed.org/.

WHEREFORE, the Parties respectfully request that this Court approve Bay Area Legal Services and the CFA as the *cy pres* beneficiaries and authorize the distribution of remaining

settlement funds to be divided evenly among these organizations.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), counsel for the Parties conferred on March 28, 2018 and agreed to jointly submit this Motion.

**MEMORANDUM OF LAW IN SUPPORT**

Pursuant to the settlement agreement entered into by the Parties and approved by the Court, a *cy pres* recipient must be "mutually agreed upon by the Parties, subject to Court approval." Doc. 51-1 at 15. Courts have agreed that a "*cy pres* distribution [is] a permissible method to distribute unclaimed settlement funds." *Nelson v. Mead Johns & Johnson Co.*, 484 F. App'x 429, 435 (11th Cir. 2012). The parties jointly propose that the remaining funds should be split evenly between Bay Area Legal Services and the Consumer Federation of America ("CFA").

This case relates to calls alleged to be in violation of the Telephone Consumer Protection Act ("TCPA"). The particular calls at issue were debt collection calls relating to bank deposit accounts. The proposed organizations are appropriate beneficiaries that provide valuable legal services to low-income Americans.

The CFA is an association of non-profit consumer organizations, established to "advance the consumer interest through research, advocacy, and education." *See* https://consumerfed.org/overview/. The CFA devotes resources to educating consumers about their rights under the TCPA and with respect to debt collection generally. As identified under the "Issues" tab on the CFA's website, the CFA provides information for consumers regarding "Consumer Protection" topics, including consumer complaints, as well as "Banking & Credit." *See* https://consumerfed.org/issues/.

Bay Area Legal Services is a "nonprofit, public interest law firm that provides civil legal assistance to low-income residents in the Tampa Bay region." *See* https://www.bals.org/who-we-are. Among other important services, Bay Area Legal Services assists Tampa-area residents with consumer-related legal issues, such as "[h]elping you protect income and property from creditors by advising or defending you in collection lawsuits when you have a legal defense; preserving your income from garnishment; and in come cases referring you for help with bankruptcy." https://www.bals.org/our-services/help-with-basic-needs. In addition, Bay Area Legal Services provides consumer protection services focused on seniors and provides "representation concerning your rights as a consumer or as a debtor." https://www.bals.org/our-services/help-for-seniors.

Both Bay Area Legal Services and the CFA have been approved as *cy pres* beneficiaries in other consumer protection class action settlements. *See Gehrich v. Chase Bank USA, N.A.*, 316 F>R.D. 215, 234 (N.D. Ill. 2016) (approving the CFA as a *cy pres* beneficiary in a TCPA class action settlement); *Klewinowski v. MFP, Inc.*, No. 8:13-cv-1204-T-33TBM, 2013 WL 12157853, at *1 (M.D. Fla. Dec. 5, 2013) (preliminarily approving settlement of FDCPA class action with Bay Area Legal Services as *cy pres* beneficiary).

Accordingly, the Parties respectfully request that the Court approve Bay Area Legal Services and the Consumer Federation of America as *cy pres* beneficiaries.

Dated: April 11, 2018

| | |
|---|---|
| */s/ Michael L. Greenwald* | */s/ Michael S. Hooker* |
| Michael L. Greenwald | Michael S. Hooker |
| James L. Davidson | Guy P. McConnell |
| Greenwald Davidson Radbil PLLC | Phelps Dunbar LLP |
| 5550 Glades Road, Suite 500 | 100 S. Ashley Drive, Suite 1900 |
| Boca Raton, FL 33431 | Tampa, FL 33602 |

| | |
|---|---|
| Telephone: 561.826.5477<br>mgreenwald@gdrlawfirm.com<br>jdavidson@gdrlawfirm.com<br><br>Aaron D. Radbil<br>Greenwald Davidson Radbil PLLC<br>106 E. 6th Street, Suite 913<br>Austin, TX 78701<br>Telephone: 512.322.3912<br>aradbil@gdrlawfirm.com<br><br>Class Counsel | Telephone: 813-472-7550<br>Michael.Hooker@phelps.com<br>Guy.McConnell@phelps.com<br><br>Mitchell E. Zamoff (*pro hac vice*)<br>HOGAN LOVELLS US LLP<br>80 South Eighth Street, Suite 1225<br>Minneapolis, MN 55402<br>Telephone: (612) 402-3000<br>mitch.zamoff@hoganlovells.com<br><br>Adam K. Levin (*pro hac vice*)<br>Carolyn A. DeLone (*pro hac vice*)<br>Hogan Lovells US LLP<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>Telephone: (202) 637-5600<br>adam.levin@hoganlovells.com<br>carrie.delone@hoganlovells.com<br><br>Counsel for Defendant |

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was electronically filed on April 11, 2018, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

/s/ Michael L. Greenwald
Michael L. Greenwald